CENTER FOR DISABILITY ACCESS
Chris Carson, Esq., SBN 280048
Ray Ballister, Jr., Esq., SBN 111282
Phyl Grace, Esq., SBN 171771
Dennis Price, Esq., SBN 279082
Mail: PO Box 262490
San Diego, CA 92196-2490
Delivery: 9845 Erma Road, Suite 300
San Diego, CA 92131
(858) 375-7385; (888) 422-5191 fax
phylg@potterhandy.com

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **Daniel Lopez**, | **Case No.** |
| Plaintiff, | **Complaint For Damages And Injunctive Relief For** Violations Of: American's With Disabilities Act; Unruh Civil Rights Act |
| v. | |
| **Autozone Parts, Inc.**, a Nevada Corporation; and Does 1-10, | |
| Defendants. | |

Plaintiff Daniel Lopez complains of Defendants Autozone Parts, Inc., a Nevada Corporation; and Does 1-10 ("Defendants") and alleges as follows:

**PARTIES:**

1. Plaintiff is a California resident with physical disabilities. He is a paraplegic who cannot walk and who uses a wheelchair for mobility.

2. Defendant Autozone Parts, Inc. owned the real property located at or about 200 W. Manchester Avenue, Los Angeles, California, in February 2018.

3. Defendant Autozone Parts, Inc. owns the real property located at or about 200 W. Manchester Avenue, Los Angeles, California, currently.

4. Defendant Autozone Parts, Inc. owned the Autozone located at or about

Complaint

200 W. Manchester Avenue, Los Angeles, California, in February 2018.

5.   Defendant Autozone Parts, Inc. owns the Autozone located at or about 200 W. Manchester Avenue, Los Angeles, California, currently.

6.   Plaintiff does not know the true names of Defendants, their business capacities, their ownership connection to the property and business, or their relative responsibilities in causing the access violations herein complained of, and alleges a joint venture and common enterprise by all such Defendants. Plaintiff is informed and believes that each of the Defendants herein, including Does 1 through 10, inclusive, is responsible in some capacity for the events herein alleged, or is a necessary party for obtaining appropriate relief. Plaintiff will seek leave to amend when the true names, capacities, connections, and responsibilities of the Defendants and Does 1 through 10, inclusive, are ascertained.

**JURISDICTION & VENUE:**

7.   This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 and § 1343(a)(3) & (a)(4) for violations of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, et seq.

8.   Pursuant to supplemental jurisdiction, an attendant and related cause of action, arising from the same nucleus of operative facts and arising out of the same transactions, is also brought under California's Unruh Civil Rights Act, which act expressly incorporates the Americans with Disabilities Act.

9.   Venue is proper in this court pursuant to 28 U.S.C. § 1391(b) and is founded on the fact that the real property which is the subject of this action is located in this district and that Plaintiff's cause of action arose in this district.

**FACTUAL ALLEGATIONS:**

10. Plaintiff went to the Autozone in February 2018 to shop and use a

Complaint

diagnostic tool.

11. The Autozone is a facility open to the public, a place of public accommodation, and a business establishment.

12. Parking spaces are one of the facilities, privileges, and advantages offered by Defendants to patrons of the Autozone.

13. Unfortunately, there were not enough parking spaces marked and reserved for use by persons with disabilities at Autozone.

14. The eastern parking lot has two parking spaces marked and reserved for persons with disabilities.

15. The western parking lot does not have any parking spaces marked and reserved for persons with disabilities.

16. On the day of plaintiff's visit, the parking spaces marked and reserved for persons with disabilities were in use in the eastern parking lot.

17. Meanwhile, the defendants do not maintain the eastern parking lot parking spaces reserved for persons with disabilities.

18. It appears that defendants have attempted to repaint both parking spaces reserved for persons with disabilities on top of an older, faded parking spaces that were marked and reserved for persons with disabilities originally. Because of the poor paint job, ambulatory persons park in part of the ambiguous parking space designed for van use by persons with disabilities. Such was the case on the day of plaintiff's visit.

19. Because an ambulatory person was parked halfway in the van parking space, plaintiff went to the western parking lot. Here, the plaintiff found that there were no accessible parking spaces in that lot.

20. Because there was no room for plaintiff to deploy his wheelchair outside of his van in the western parking lot, he had to get assistance to get out of his van from his girlfriend and another person who was also parked in the western parking lot.

3

Complaint

21. Plaintiff believes that a parking space reserved for persons with disabilities once existed in the western parking lot but the parking space and access aisle have been allowed to fade or get paved over.

22. Defendants have failed to maintain in operable working condition those features of facilities and equipment that are required to be readily accessible to and usable by persons with disabilities at the Subject Property.

23. Plaintiff personally encountered this barrier.

24. This inaccessible parking lot denied the plaintiff full and equal access and caused him difficulty, discomfort, and embarrassment.

25. Paths of travel are another one of the facilities, privileges, and advantages offered by Defendants to patrons of Autozone.

26. Even though the plaintiff did not confront the barrier, at least one of the aisles is not accessible to persons with disabilities.

27. Although there are shelves and merchandise aisles open to customers for shopping, the path of travel in and throughout these merchandise aisles is not accessible to wheelchair users because of the configuration of Autozone. One of the paths of travel narrows to about 22 inches in width.

28. Plaintiff plans to return and patronize Autozone but will be deterred from visiting until the defendants remove the barriers.

29. The defendants have failed to maintain in working and useable conditions those features required to provide ready access to persons with disabilities.

30. The barriers identified above are easily removed without much difficulty or expense. They are the types of barriers identified by the Department of Justice as presumably readily achievable to remove and, in fact, these barriers are readily achievable to remove. Moreover, there are numerous alternative accommodations that could be made to provide a greater level of access if complete removal were not achievable.

4

Complaint

31. For example, there are numerous paint/stripe companies that will stripe an accessible parking stalls and access aisles and install proper signage on short notice and for a modest price, sometimes as low as $300, in full compliance with federal and state access standards.

32. Plaintiff is and has been deterred from returning and patronizing the Autozone because of his knowledge of the barriers that exist. Plaintiff will, nonetheless, return to assess ongoing compliance with the ADA and will return to patronize the Autozone as a customer once the barriers are removed.

33. Given the obvious and blatant nature of the barriers and violations alleged herein, the plaintiff alleges, on information and belief, that there are other violations and barriers on the site that relate to his disability. Plaintiff will amend the complaint, to provide proper notice regarding the scope of this lawsuit, once he conducts a site inspection. However, please be on notice that the plaintiff seeks to have all barriers related to his disability remedied. See *Doran v. 7-11*, 524 F.3d 1034 (9th Cir. 2008) (holding that once a plaintiff encounters one barrier at a site, he can sue to have all barriers that relate to his disability removed regardless of whether he personally encountered them).

34. Additionally, on information and belief, the plaintiff alleges that the failure to remove these barriers was intentional because: (1) these particular barriers are intuitive and obvious; (2) the defendants exercised control and dominion over the conditions at this location and, therefore, the lack of accessible facilities was not an "accident" because had the defendants intended any other configuration, they had the means and ability to make the change.

5

Complaint

**I. FIRST CAUSE OF ACTION: VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990** (On behalf of plaintiff and against all defendants (42 U.S.C. section 12101, et seq.)

35. Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the allegations contained in all prior paragraphs of this complaint.

36. Under the ADA, it is an act of discrimination to fail to ensure that the privileges, advantages, accommodations, facilities, goods and services of any place of public accommodation is offered on a full and equal basis by anyone who owns, leases, or operates a place of public accommodation. See 42 U.S.C. § 12182(a). Discrimination is defined, inter alia, as follows:

    a. A failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities, unless the accommodation would work a fundamental alteration of those services and facilities. 42 U.S.C. § 12182(b)(2)(A)(ii).

    b. A failure to remove architectural barriers where such removal is readily achievable. 42 U.S.C. § 12182(b)(2)(A)(iv). Barriers are defined by reference to the ADAAG, found at 28 C.F.R., Part 36, Appendix "D."

    c. A failure to make alterations in such a manner that, to the maximum extent feasible, the altered portions of the facility are readily accessible to and usable by individuals with disabilities, including individuals who use wheelchairs or to ensure that, to the maximum extent feasible, the path of travel to the altered area and the bathrooms, telephones, and drinking fountains serving the altered area, are readily accessible to and usable by individuals

with disabilities. 42 U.S.C. § 12183(a)(2).

37. Any business that provides parking spaces must provide accessible parking spaces. 1991 Standards § 4.1.2(5); 2010 Standards § 208. One in every eight of those accessible parking spaces but not less than one must be a "van" accessible parking space, *i.e.*, having an eight foot access aisle. 1991 Standards § 4.1.2(5)(b). Under the 2010 Standards, one in every six accessible parking spaces must be van accessible. 2010 Standards § 208.2.4.

38. Here, the failure to provide an accessible parking space in the western parking lot is a violation of the law.

39. Shelves and display units allowing self-service by customers at stores must be located on an accessible route. 1991 Standards § 4.1.3(12)(b). An accessible route must be at least 36 inches in width. 1991 Standards § 4.3.3.

40. Here, the failure to provide accessible paths of travel in and throughout the merchandise aisles is a violation of the law.

41. A public accommodation must maintain in operable working condition those features of its facilities and equipment that are required to be readily accessible to and usable by persons with disabilities. 28 C.F.R. § 36.211(a).

42. Here, the failure to ensure that the accessible facilities were available and ready to be used by the plaintiff is a violation of the law.

43. Given its location and options, plaintiff will continue to desire to patronize Autozone but he has been and will continue to be discriminated against due to the lack of accessible facilities and, therefore, seeks injunctive relief to remove the barriers.

**II. SECOND CAUSE OF ACTION: VIOLATION OF THE UNRUH CIVIL RIGHTS ACT** (On behalf of Plaintiff and against all Defendants.) (Cal. Civ. Code § 51-53.)

44. Plaintiff repleads and incorporates by reference, as if fully set forth

Complaint

again herein, the allegations contained in all prior paragraphs of this complaint.  The Unruh Civil Rights Act ("Unruh Act") guarantees, inter alia, that persons with disabilities are entitled to full and equal accommodations, advantages, facilities, privileges, or services in all business establishment of every kind whatsoever within the jurisdiction of the State of California.  Cal. Civ. Code §51(b).

45. The Unruh Act also provides that a violation of the ADA, or of California state accessibility regulations, is a violation of the Unruh Act.  Cal. Civ. Code, § 51(f); Arnold v. United Artists Theatre Circuit, Inc., 866 F.Supp. 433, 439 (N.D.Cal.1994).

46. Defendants' acts and omissions, as herein alleged, have violated the Unruh Act by, inter alia, denying, or aiding, or inciting the denial of, Plaintiff's rights to full and equal use of the accommodations, advantages, facilities, privileges, or services offered.

47. Defendants' acts and omissions, as herein alleged, have also violated the Unruh Act by denying, or aiding or inciting the denial of, Plaintiff's right to equal access arising from the provisions of the ADA (see Plaintiff's First Cause of Action).

48. Because the violation of the Unruh Civil Rights Act resulted in difficulty, discomfort or embarrassment for the plaintiff, the defendants are also each responsible for statutory damages, i.e., a civil penalty. (Civ. Code § 55.56(a)-(c).)

**PRAYER**:

Wherefore, Plaintiff prays that this Court award damages and provide relief as follows:

1. For injunctive relief, compelling Defendants to comply with the Americans with Disabilities Act and the Unruh Civil Rights Act. Note: the

8

Complaint

plaintiff is not invoking section 55 of the California Civil Code and is not seeking injunctive relief under the Disabled Persons Act at all.

2. Damages under the Unruh Civil Rights Act and/or the California Disabled Persons Act, which provides for actual damages and a statutory minimum of $4,000.

3. Reasonable attorney fees, litigation expenses and costs of suit, pursuant to 42 U.S.C. § 12205; and Cal. Civ. Code §§ 52.

Dated: April 3, 2018          CENTER FOR DISABILITY ACCESS

By: _____

          Chris Carson, Esq.
          Attorney for Plaintiff

9

Complaint